**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANGEL BARTLETT,

    Plaintiff,

v.	Case No. 15-13939

ALLEGAN COUNTY COURTS, et al.,

    Defendants.
                                      /

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED**
***IN FORMA PAUPERIS* AND SUMMARILY DISMISSING COMPLAINT**

On November 9, 2015, Plaintiff filed the instant Complaint. (Dkt. # 1.) She seems to seek the expungement of various state convictions, the return of her children to her custody, and the cessation of what she perceives to be harassment and interference from various federal, state, and local entities. However, none of her allegations or requests for relief are presented in a coherent or understandable manner. Contemporaneous to filing her complaint, Plaintiff filed an application to proceed *in forma pauperis.* The court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1),[1] and then dismiss Plaintiff's complaint for failure to state a claim upon which the court can grant relief, pursuant to 28 U.S.C. § 1915(e)(2).

Complaints filed by a plaintiff proceeding *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866

---

[1] In her application to proceed *in forma pauperis*, Plaintiff states that she earns no money, has no savings, and is homeless. (Dkt. # 2.) She appears to have no other assets, but has some debts in the form of student loans and various bills. Accordingly, the court will grant Plaintiff's application to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(1).

(6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, that fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to *sua sponte* dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim upon which relief may be granted, a plaintiff must show, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, *Evans-Marshall v. Board of Educ.*, 428 F.3d 223, 228 (6th Cir. 2005), "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 570). Thus, "a pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (quoting *Twombly*, 550 U.S. at 557). To avoid dismissal, Plaintiff's complaint must cross

"the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

The court finds that Plaintiff has failed to state a claim against Defendants. Other than a general desire to appeal, expunge, or somehow wipe away some unspecified state court convictions, it is not clear what Plaintiff is attempting to assert. She states no factual or legal basis on which this court could begin to find some arguable basis for relief. In whole, she requests the following:

> Take off the harmful convictions and charges. Take all the MCLs off my record so I can get a job. I would like my kids back. Stop the people from placing mental illness orders so I won't be mental. Stop the transmission that the courts, police, DHS put out. I don't mind if people call but they keep me on a wire unless I call up. Due to the fact they claim I am not safe and might harm them. They don't want me to get ahead so they listen to everything I do in order to frame and set me up the seem a certain way. They also claim I am doing things that I am not doing please make them stop.

(Dkt. # 1, Pg. ID 2-3.) As additional information, Plaintiff states,

> I know all thoughts and moods are controlled if you are in the system. If a feed is bad the response will be bad. How can they put me on a feed then say I am thinking ill. Change the feed. They can make me good, bad, happy, sad [incomprehensible text]. This includes an illiteracy program they slip in. I got a 3.68 - 4.0 in college and Craig S Sewell denied my college.

(*Id.* at Pg. ID 3.)

Referring to "mental illness orders," Plaintiff apparently understands that she has been adjudicated mentally ill, and believes that unspecified others —"they"— are "making" her feel "good, bad, happy, sad . . . " and are monitoring her actions and "listening" to her thoughts. While federal courts liberally construe the pleadings of *pro se* parties, the courts are not obligated to entertain claims which appear to be delusional. *See Prewitt v. United States Postal Serv.*, 754 F.2d 641, 641 (5th Cir. 1985) ("[W]e stand at the gates of the realm of fantasy. We decline to enter in."). To the extent

Plaintiff asserts any actual requests for relief, the over 130 pages of tangentially related documentation (including portions of her application to work for the CIA) appended to the Complaint reveal that Plaintiff's children were removed from her custody around 2013 due to her deteriorating psychological condition, but it is not clear what "harmful convictions and charges" she wants removed. (Dkt. # 1, Pg. ID 4-133). In fact, the appended Department of Human Services documentation indicates that Plaintiff has no criminal record. (*Id.* at Pg. ID 87.) As for her custody complaints, federal courts lack jurisdiction to amend state court child custody decisions. *Evans v. Klaeger*, 12 F. App'x 326, 327 (6th Cir. 2001).

To the extent that Plaintiff might benefit from additional mental health services, the court understands that such are generally available. While the courts cannot help her based on what she has presented, Plaintiff may want to re-establish her contact with the State of Michigan's Department of Human Services.

Accordingly, IT IS ORDERED that Plaintiff's application to proceed *in forma pauperis* (Dkt. # 2) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's complaint (Dkt. # 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim upon which relief may be granted.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: January 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2016, by electronic and/or ordinary mail.

                                               s/Lisa Wagner
                                              Case Manager and Deputy Clerk
                                              (313) 234-5522